```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
            COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:15-cv-140 (S. Richardson) |

O R D E R

Plaintiff Susan Richardson claims that she suffered damages caused by Defendant Mentor Worldwide LLC's product ObTape Transobturator Tape. Richardson and Mentor agree that Missouri's five-year statute of limitations, Mo. Rev. Stat. § 516.120, applies to Richardson's claims. Richardson and Mentor also agree that Richardson's claims accrued on September 10, 2008. And Richardson and Mentor agree that Richardson was required to file her claims against Mentor by September 10, 2013. She filed this action on August 19, 2015. Therefore, on its face, her Complaint in this action is untimely. Richardson argues, however, that because she filed a separate action against Mentor in a different court before September 10, 2013, the Court should consider her claims in this action to be timely. As discussed below, the Court disagrees and grants Mentor's summary judgment motion (ECF Nos. 14 & 17).

PROCEDURAL BACKGROUND

On July 15, 2013, Richardson and more than seventy other plaintiffs filed an action in Missouri state court against Mentor and more than twenty other manufacturers of pelvic mesh products. Notice of Removal E. A, Compl., ECF No. 1-3 at 5-49 in 4:14-cv-1669-JCH (E.D. Mo. Sept. 26, 2014); *copy filed as* Def.'s Am. Mot. for Summ. J. Ex. A, Mo. State Court Compl., ECF No. 17-4 in this action. In that Complaint, Richardson alleged that she was "implanted with at least one defective device sold and marketed by the Defendants." *Id.* ¶ 1. Mentor consented to removal of that action to the U.S. District Court for the Eastern District of Missouri, and then the Judicial Panel on Multidistrict Litigation transferred the action to MDL No. 2327, *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation* ("Ethicon MDL"), which is pending in the U.S. District Court for the Southern District of West Virginia. On August 4, 2015, the claims of all of the other plaintiffs were severed and dismissed without prejudice; only Richardson's claims against multiple defendants remained pending. Pretrial Order #189, ECF No. 59 in 2:14-cv-27205 (S.D.W.V. Aug. 4, 2015). There was apparently no activity in that action until April 2017, when Richardson voluntarily dismissed, without prejudice, her claims against Mentor and other defendants under Federal Rule of Civil Procedure 41(a)(1)(a)(ii). *See* Stipulation to

2

Dismiss as to Mentor, ECF No. 62 in 2:14-cv-27205 (S.D.W.V. Apr. 24, 2017); Stipulation to Dismiss as to Mentor, ECF No. 76 in 2:14-cv-27205 (S.D.W.V. Apr. 26, 2017).

On August 19, 2015, while her first action was still pending in the Ethicon MDL, Richardson filed an action in this Court in the Mentor MDL alleging that she suffered injuries caused by ObTape. Her case was designated as a Phase IV-9 case, and the parties completed plaintiff-specific discovery on March 13, 2017.

## DISCUSSION

Richardson argues that her claims against Mentor in this action are timely because she filed a separate action in Missouri state court before the statute of limitations expired. Richardson did not cite any authority for the proposition that a court in determining whether an action is timely may look to the filing date in a separate action in a different court. As Richardson appears to acknowledge, her August 2015 Complaint in this action is not an amended pleading that relates back to her 2013 Missouri state court complaint that was transferred to the Ethicon MDL. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. 5, ECF No. 18 in 4:15-cv-140 (M.D. Ga. June 5, 2017) (agreeing that the relation-back doctrine of Federal Rule of Civil Procedure 15(c) is "inapplicable").

Richardson does argue that the doctrine of equitable tolling applies to save her claims. Equitable tolling is an extraordinary remedy that is only appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Stamper v. Duval Cty. Sch. Bd.*, No. 15-11788, 2017 WL 3033148, at *4 (11th Cir. July 18, 2017) (alteration in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *accord Adams v. Div. of Employment Sec.*, 353 S.W.3d 668, 673 (Mo. Ct. App. 2011) ("The doctrine of equitable tolling permits a plaintiff to toll a statute of limitations where 'the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum.'") (quoting *Ross v. Union Pac. R.R. Co.*, 906 S.W.2d 711, 713 (Mo. banc 1995)).

Richardson argues that she was "prevented from pursuing" her claims against Mentor because her initial action was transferred to the Ethicon MDL. Pl.'s Resp. to Def.'s Mot. for Summ. J. 7, 9. But Richardson did not point to any evidence to show that she was prevented from pursuing her claims in the Ethicon MDL. Furthermore, once Richardson determined that she had been implanted with ObTape and that at least some of her

4

injuries were causally connected to that product, she could have asked the judge in the Ethicon MDL to sever her claims against Mentor and suggest that they be transferred to this MDL. Instead, she filed a separate action in this Court and, as far as the Court can tell, did nothing to pursue her claims in the Ethicon MDL. The Court declines to apply the extraordinary remedy of equitable tolling under these circumstances.

In summary, although Richardson filed *an* action against Mentor within Missouri's statute of limitations, she did not file *this* action within Missouri's statute of limitations. Thus, Mentor is entitled to summary judgment on Richardson's claims in this action. The Court notes that Richardson may still be able to pursue her claims against Mentor, traveling under her original 2013 Complaint, but she will have to convince the U.S. District Court for the Southern District of West Virginia to reopen her case, reinstate her claims against Mentor, and suggest that the action be remanded to the U.S. District Court for the Eastern District of Missouri.

IT IS SO ORDERED, this 16th day of August, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA